

FILED
CLERK OF COURT

JAN 2 6 2026

U.S BANKRUPTCY COURT
DISTRICT OF COLORADO

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Case No. 25-cv-4141-NYW
MICHELLE D. LEE,
Plaintiff-Appellant,

v.

KALAMATA KAPITAL GROUP, ROBERT BUSCH, and ARIEL BOUSKILA,
Defendants-Appellees.

MOTION TO HOLD APPEAL IN ABEYANCE PENDING SUPPLEMENTAL FINDINGS BY THE BANKRUPTCY COURT

Plaintiff-Appellant Michelle D. Lee, appearing pro se, respectfully moves this Court to hold this appeal in abeyance and to stay further briefing and proceedings pending the United States Bankruptcy Court for the District of Colorado's issuance of an indicative ruling and supplemental findings pursuant to Fed. R. Bankr. P. 8008. In support of this Motion, Appellant states:

Statement of Status I am the Debtor in the underlying Chapter 7 bankruptcy case, Case No. 24-16918 KHT. I bring this Motion on my own behalf regarding debts and judgments entered in the related adversary proceeding (Adversary No. 25-01238 KHT) that affect my personal bankruptcy estate. I am not filing on behalf of any business entity.

Background

1. On December 5, 2025, the Bankruptcy Court entered an Order dismissing the adversary proceeding (Adv. Dkt. No. 12) and entered Judgment (Adv. Dkt. No. 13). Appellant filed a timely Notice of Appeal to this Court on December 19, 2025 (Bankr. Adv. Dkt. No. 16; District Docket No. 1).

2. Appellant filed post-judgment motions in the Bankruptcy Court seeking reconsideration and supplemental relief (Adv. Dkt. Nos. 17, 24). The Bankruptcy Court denied the initial post-judgment motion (Adv. Dkt. No. 20) and later denied the supplemental motion (Adv. Dkt. No. 25). The District Court previously noted that briefing and other deadlines were suspended because the Bankruptcy Court had a post-judgment motion pending (see Bankruptcy Docket entry, Adv. Dkt. No. 19).

3. The issues presented raise potentially dispositive jurisdictional and procedural issues: Appellant alleges the Bankruptcy Court relied on extrinsic, unauthenticated materials (an electronic document labeled "Residential care services") without Rule 12(d) notice or an evidentiary hearing under Fed. R. Bankr. P. 9014(d), and that one or more defendants who are corporate parties may have appeared through non-attorneys, implicating representation and authority concerns. These matters may affect whether the Bankruptcy Court had authority to enter a final judgment.

Relief Requested 4. Appellant respectfully requests that the Court:

a. Stay further proceedings in this appeal, including briefing deadlines, and hold the appeal in abeyance pending the Bankruptcy Court's issuance of an indicative ruling and supplemental findings under Fed. R. Bankr. P. 8008 regarding (i) whether the Bankruptcy Court considered materials outside the pleadings and, if so, whether Rule 12(d) notice and opportunity to present summary-judgment materials were provided; (ii) whether an evidentiary hearing under Fed. R. Bankr. P. 9014(d) was required and held; (iii) the Bankruptcy Court's statutory basis for subject-matter jurisdiction over each adjudicated claim (core vs. non-core and any consent to final adjudication); and (iv) whether any corporate defendant was represented by a non-attorney and whether the Court relied on such filings; or

b. Alternatively, remand the appeal to the Bankruptcy Court for the limited purpose of issuing the foregoing indicative ruling or supplemental findings under Rule 8008 if the Bankruptcy Court has not yet done so.

Argument — Good Cause for Abeyance 5. Fed. R. Bankr. P. 8008 permits the bankruptcy court to indicate that it would grant the motion or that the motion raises a substantial issue when an appeal is pending and the bankruptcy court cannot grant the relief because an appeal is pending. An indicative ruling assists the district court in deciding whether remand is appropriate and conserves judicial resources.

6. The issues raised here go to the heart of the Bankruptcy Court's authority to enter final judgment (subject-matter jurisdiction, unauthorized corporate representation) and to fundamental procedural fairness (Rule 12(d) notice; Bankr. R. 9014(d) hearings). If the Bankruptcy Court would grant vacatur or remand, continued appellate proceedings could be unnecessary or premature. Conversely, if the Bankruptcy Court states it would deny relief and that no jurisdictional or procedural error occurred, this Court can proceed promptly with briefing. An abeyance therefore avoids wasted time and resources and prevents conflicting or duplicative proceedings.

7. The District Court earlier recognized the practicality of pausing briefing while post-judgment motions were pending in the Bankruptcy Court (Adv. Dkt. No. 19). A brief stay now — limited to the Bankruptcy Court's issuance of an indicative ruling under Rule 8008 — is consistent with that practice and is equitable given the potential for dispositive remedial relief from the Bankruptcy Court.

Requested Timing and Proposed Procedure 8. Appellant requests that the Court enter an order staying this appeal and holding further briefing in abeyance for a period not exceeding 30 days to permit the Bankruptcy Court to consider and issue an indicative ruling under Fed. R. Bankr. P. 8008 and any supplemental findings. If the Bankruptcy Court requires additional time or declines to issue an indicative ruling, Appellant requests that the Bankruptcy Court notify this Court and the parties. If the Bankruptcy Court issues an indicative ruling stating it would grant relief or that the Motion raises a substantial issue, Appellant requests that this Court remand the matter to the

Bankruptcy Court under Rule 8008(b) for further proceedings consistent with the Bankruptcy Court's indicative ruling.

Conclusion 9. For the foregoing reasons, Appellant respectfully requests that this Court enter an order staying this appeal and holding further briefing and proceedings in abeyance pending issuance of an indicative ruling and supplemental findings by the Bankruptcy Court under Fed. R. Bankr. P. 8008, or, in the alternative, remand for the Bankruptcy Court to issue such an indicative ruling.

Certificate of Service I certify that on _____, 2026, a true and correct copy of the foregoing Motion was served via CM/ECF and first-class mail to counsel and parties of record:

> Robert Gregory Busch, rob@rgbusch.com; P.O. Box 3931, Greenwood Village, CO 80111
>
> Kalamata Kapital Group, P.O. Box 3931, Greenwood Village, CO 80155 (if pro se)
>
> Ariel Bouskila, Berkovitch & Bouskila, 1545 Route 202, Suite 101, Pomona, NY 10970

Respectfully submitted,

Dated: 1-26-26 , 2026

/s/ Michelle D. Lee

Michelle D. Lee, Appellant (pro se)

16480 Fairway

Commerce, CO 80022

346-554-9725