U.S. District Court

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-4141-NYW (Bankr. Adv. No. 25-01238; Ch. 7...)

Michelle D. Lee, Appellant, v. Kalamata Kapital Group, Ariel Bouskila, and Robert Busch, Appellees.

APPELLANT MICHELLE D. LEE'S OPPOSITION TO APPELLEES' MOTION TO DISMISS APPEAL AS MOOT

Appellant Michelle D. Lee respectfully opposes Appellees' Motion to Dismiss the appeal as moot and requests that the Court deny the motion and remand for limited proceedings for the reasons set forth below.

INTRODUCTION AND RELIEF REQUESTED Appellees ask the Court to dismiss this appeal as moot because the Chapter 7 trustee abandoned estate assets and the underlying bankruptcy case received a Dismissal . Those subsequent events do not extinguish Appellant's right to appellate review because successful appellate relief would have concrete, practical effects: it could prevent enforcement of a domesticated out-of-state judgment and cure fundamental due-process defects affecting an unrepresented minor beneficiary. Dismissal would permanently foreclose the minor's ability to seek relief and would allow potentially void adjudications to stand. For these reasons the Motion to Dismiss should be denied. In the alternative, the Court should remand for limited proceedings to (3) preserve assets pending resolution,.

STATEMENT OF FACTS

1. The Chapter 7 trustee filed a Notice of Abandonment as to  estate assets.
2. Appellant timely filed a Notice of Appeal to this Court.
3. Separately, Appellee Kalamata obtained a judgment in New York and domesticated that judgment in Colorado, Adams County Case No. 24CV30660, on April 26, 2024.
4. Appellees have relied on the purported adjudications below in support of continued enforcement efforts against assets in which a minor beneficiary has an interest.
5. The trustee's Notice of Abandonment returned the contested property to the debtor's estate and left unresolved legal and equitable questions concerning ownership, beneficiary rights, and distribution. Abandonment does not adjudicate those rights — it shifts the dispute from the bankruptcy trustee to the appropriate equitable or probate processes, preserving live controversies about title, constructive trust, or equitable remedies.

2. GROUNDS FOR OBJECTION

1. 2.1 Abandonment Is Not an Adjudication of Rights. The Trustee's abandonment under 11 U.S.C. § 554(a) simply removes the Property from the bankruptcy estate; it does not resolve competing claims to title, trust claims, or equitable remedies. See 11 U.S.C. § 554(d).

2.  2.2 Live Controversies Remain. After the Notice of Abandonment, disputes about ownership, whether constructive trust or equitable lien applies, and distribution of proceeds (if any) remain unresolved and require adjudication in an appropriate forum (bankruptcy adversary proceeding, state court, or probate/probate-related proceedings), not dismissal of the entire case or relevant claims

STANDARD OF REVIEW An appeal is moot only if the intervening events make it impossible for the court to grant any effective relief. The party asserting mootness bears the burden of showing that no effective relief can be provided. See, e.g., Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); United States v. Juvenile Male, 564 U.S. 932 (2011) (per curiam). Voluntary acts by a party that have the effect of mooting a case are disfavored and do not necessarily deprive the court of jurisdiction where the appellant can obtain meaningful relief.

ARGUMENT

I. Appellees Cannot Meet Their Burden to Show Mootness Because this Court Can Grant Effective Relief Dismissal as moot is appropriate only when it is impossible for the court to provide any effective relief to the appellant. Here, reversal or other relief on appeal could and would produce concrete effects. Appellant seeks relief that would restore the adversary and permit the bankruptcy forum to address distribution and remedial issues; such relief could alter the legal basis for enforcement of the domesticated Colorado judgment (Case No. 24CV30660) and would therefore affect Appellees' ability to collect against assets at issue. Because appellate relief can meaningfully affect parties' rights, the appeal is not moot. Appellees bear the burden to demonstrate otherwise and have not met that burden.

II. Trustee Abandonment and Dismissal Do Not Automatically Moot Appellate Review A trustee's abandonment under 11 U.S.C. § 554(a) returns property to the debtor but does not automatically eliminate all disputes about rights in that property or preclude appellate review of legal determinations affecting third parties. Courts have repeatedly held that voluntary actions by defendants or intervening events do not moot an appeal where effective relief remains possible or where the actions were taken to evade review. The discharge of the debtor likewise does not erase adjudicative errors that may have denied an absent interested party due process.

III. Due Process Requires Remand Because a Minor Beneficiary Was Unrepresented and Received No Constitutionally Adequate Notice Due process guarantees notice reasonably calculated to apprise interested parties and an opportunity to be heard before adjudicating their legal rights. Mullane v. Central Hanover Bank & Trust Co., 339

U.S. 306 (1950); Mathews v. Eldridge, 424 U.S. 319 (1976). When a minor is an interested party and has no representation, additional safeguards are required; Rule 17(c) and well-established practice require appointment of a guardian ad litem or next friend to protect the minor's interests.

Here, the record shows the minor beneficiary received no notice of the bankruptcy or the adversary No one appointed to protect the minor's rights. A judgment entered without constitutionally adequate notice may be void as to the absent party (see Mullane). Dismissing the appeal would permanently foreclose the minor's ability to obtain relief and would leave final adjudications in place that may be void as to the minor. Equity and constitutional fairness therefore require remand so the Bankruptcy provide constitutionally adequate notice, and allow the minor to be heard in the court of equity  before any distributions are finalized.

IV. Equitable and Prudential Considerations Favor a Limited Remand (and Not Dismissal) a. Judicial economy: The Bankruptcy Court, which developed the original record, is the appropriate forum to interpret the trust/instrument, determine the scope of the minor's interest, and manage remedial measures disgorgement, constructive trust, reallocation).

A limited remand avoids duplicative proceedings in separate forums and is the most efficient way to address the disputed factual issues.

b. Protection of vulnerable parties: Courts frequently exercise equitable powers to protect minors. Ordering limited proceedings to appoint a guardian ad litem and preserve assets pending adjudication is narrowly tailored and appropriate here.

c. Finality balanced with fairness: Finality must give way to remedying a fundamental due process failure. Where a judgment may be void as to an absent minor, courts routinely allow further proceedings to cure constitutional defects rather than permitting manifest injustice to stand.

V. Requested Relief — Stay and Protective Orders If the Court is inclined to remand rather than dismiss, Appellant respectfully requests that the Court also (a) stay any enforcement of the domesticated Colorado judgment (Case No. 24CV30660) pending remand (b) preserve any assets that are the subject of the adversary to prevent dissipations that would frustrate later relief.

CONCLUSION Appellees have not met their burden to show this appeal is moot. The trustee's abandonment and the dismissal  do not eliminate Appellant's right to meaningful appellate relief; moreover, due process requires remand to protect an unrepresented minor beneficiary and to permit the Bankruptcy Court to develop the record and fashion appropriate remedies. For these reasons, the Court should deny Appellees' Motion to Dismiss and should remand for limited proceedings, provide constitutionally adequate notice, preserve assets, In the alternative, the Court should deny dismissal and enter a stay of enforcement pending resolution of the remand proceedings.

Respectfully submitted, *Michelle Orme* 3/24/26 *Lindreamgodolos.*

s/ [Your Name] [Your Address] [Your Phone] [Your Email] Appellant, pro se (or counsel for Appellant)

CERTIFICATE OF SERVICE I hereby certify that on [date], I served a true and correct copy of the foregoing Opposition to Motion to Dismiss on counsel for Appellees via [CM/ECF and/or first-class mail] to:

[Names and addresses of Appellees' counsel]

Robert Bush
P.O Box 3931
Greenwood Village Co 80111

Case 24-16918-KHT    Doc#:376    Filed:02/24/26    Entered:02/24/26 09:30:07    Page1 of 1

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

In re:

MICHELLE DEON LEE,

Debtor(s).

Bankruptcy Case No. 24-16918 KHT

Chapter 7

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER comes before the Court on the Debtor's Motion to Dismiss Case (Docket #362, the "Motion") filed by the Debtor on January 22, 2026. The Court, being otherwise advised in the premises, and noting the absence of any objection thereto hereby

ORDERS that the Motion is GRANTED and this case is DISMISSED.  The Court

FURTHER ORDERS that the Clerk of the Court shall give notice of the dismissal of this case pursuant to and in accordance with Fed. R. Bankr. P. 2002(f) to all creditors and parties in interest using such addresses as are available in the record.

DATED this 24th day of February, 2026.

BY THE COURT:

Kimberley H Th

Kimberley H. Tyson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

In re:                                    )
                                          )
    Michelle Deon Lee                     )          Case No. 24-16918 KHT
                   *****0459              )          Chapter 7
                                          )
                                          )

---

**TRUSTEE'S MOTION TO ABANDON REAL PROPERTY OF THE ESTATE**

---

Tom Connolly, Chapter 7 Trustee, requests an Order, pursuant to Fed.R.Bankr.P. 6007, abandoning real property of the estate listed below. In support hereof, I state as follows:

1.      Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on November 20, 2024. The case was converted to chapter 7 on February 28, 2025. Shortly thereafter, I was appointed trustee.

2.      Property of the bankruptcy estate includes the following investment properties (the Properties"):

   1) real property located at 5031 N. Quemoy Ct., Aurora, CO 80019;
   2) real property located at 4328 Andes Way Denver CO 80249;
   3) real property located at 25572 E 5th Place Aurora CO 80018; and
   4) real property located at 15430 Fairway Dr., Commerce City, CO 80022.

3.      I am informed that the Properties are encumbered by purchase-money mortgages that are in default. The Properties are also subject to significant unavoidable judgment liens. The secured lenders have been granted relief from stay and the Properties are currently in foreclosure.

4.      None of the Properties generate revenue.

5.      The estate has no funds with which to insure or secure the Properties.

6.      Accordingly, the Properties are burdensome and inconsequential value or benefit to the estate.

**WHEREFORE**, I respectfully request an Order granting my Motion to Abandon Real Property of the Estate and for such other and further relief as the Court deems just and proper.

Date: January 6, 2026.

/s/ Tom H. Connolly
Tom H. Connolly, Chapter 7 Trustee
PO Box 68
Lafayette, Colorado 80026
303-661-9292 ph
tom@connollytrustee.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on January 6, 2026, true and correct copies of the documents entitled **TRUSTEE'S MOTION TO ABANDON REAL PROPERTY OF THE ESTATE**, notice and proposed order on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:

Michelle Deon Lee
16480 Fairway Dr
Commerce City, CO 80022
Leedreamgoddes@gmail.com

US Trustee
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Denver, CO 80294

Attorney Amanda K. Ashley via CM/ECF
Attorney Alison L. Berry via CM/ECF
Attorney Andrea Lynn Betts-Whalen via CM/ECF
Attorney Douglas W. Brown via CM/ECF
Attorney Robert Gregory Busch via CM/ECF
Attorney Aricyn Jaine Dall via CM/ECF
Attorney Heather Deere via CM/ECF
Attorney David W. Drake via CM/ECF
Attorney Abbey Ulsh Dreher via CM/ECF

Attorney Jeffrey Fleming via CM/ECF
Attorney Ciro A. Mestres via CM/ECF
Attorney Jeffrey B. Smith via CM/ECF
Attorney Rachael Swernofsky via CM/ECF
Attorney N. April Winecki via CM/ECF
United States Trustee via CM/ECF

/s/ Christy Bevel
Christy Bevel, Legal Assistant

2